IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL W. PHOENIX,**

    **Plaintiff,**

v.                                               Civil Action No. 3:23cv357

**VITAL CORE HEALTH STRATEGIES,**

    **Defendant.**

### MEMORANDUM OPINION

Plaintiff, Daniel W. Phoenix,[1] a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Phoenix has named Vital Core Health Strategies ("VitalCore") as the sole defendant in this action.[2] VitalCore is a Kansas Corporation that contracted with the Virginia Department of Corrections ("VADOC") to provide medical services for inmates at Phoenix's former place of incarceration on January 1, 2022. (ECF No. 1 ¶ 7.) Phoenix claims he is a "third-party beneficiary to the signed contract between VitalCore and the VADOC as [Phoenix] requires the medical services that VitalCore is contractually obligated to provide for his serious medical conditions . . . ." (ECF No. 1 ¶ 4.) Phoenix asserts that the Court "has jurisdiction over this matter under [28] U.S.C. § 1331 and § 1367." (ECF No. 1 ¶ 2.) Phoenix demands monetary damages and injunctive relief. (ECF No. 1 ¶¶ 40–45.)

---

[1] During the course of this action, Plaintiff changed his last name from Jamison to Phoenix. For purposes of this Memorandum Opinion, the Court will refer to Plaintiff as Phoenix.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spacing, capitalization, punctuation, and spelling in the quotations from the parties' submissions.

The matter is before the Court on VitalCore's Motion for Summary Judgment. (ECF No. 40.) Vital Core contends that: Phoenix's transfer and subsequent release render his claims for injunctive relief moot (ECF No. 41, at 13–14); Phoenix cannot support the necessary elements for his breach of contract claim (ECF No. 41, at 10–11); and, Phoenix cannot demonstrate that VitalCore has a policy or custom of deliberate indifference (ECF No. 41, at 12–13). The Court provided Phoenix with appropriate *Roseboro* notice.[3] (ECF No. 43.) Phoenix has responded. (ECF No. 47.) For the reasons set forth below, the Motion for Summary Judgment will be GRANTED IN PART and DENIED IN PART. The Motion for Summary Judgment will be granted with respect to Phoenix's claims for injunctive relief and denied with respect to his other claims.

## I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A mere "*scintilla* of evidence," however, will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of its Motion for Summary Judgment, Vital Core submitted: the declaration of Sandra Hoover, a Senior Vice President of Operations for VitalCore (ECF No. 41-1) and information from the Virginia State Corporation Commission (ECF No. 41-2). In response, Phoenix submitted his own declaration (ECF No. 47-2) and copy of a letter he sent to various VADOC officials and VitalCore on September 27, 2022 (ECF No. 47-1). Additionally, Phoenix's Complaint is sworn to under penalty of perjury. (ECF No. 1, at 15.)

Of course, the facts offered by an affidavit or sworn declaration must also be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the sworn statement "must be made on personal knowledge, set out facts that would be admissible in evidence, and show

3

that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted). The absence of an "affirmative showing of personal knowledge of specific facts" prevents the consideration of such facts in conducting a summary judgment analysis. *EEOC v. Clay Printing Co.*, 955 F.2d 936, 945 n.9 (4th Cir. 1992) (citation omitted) (internal quotation marks omitted).

Phoenix has submitted a number of statements that run afoul of these principles. For example, Phoenix swears that he "received limited cursory, untimely, or no medical care" for his celiac disease, shoulder injury, neck and back problems, hearing loss, dental issues, and ankle issues. (ECF No. 47-2, at 4–6.) Conclusory assertions of this ilk fail to create a material dispute of fact. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (internal quotation marks omitted) (citations omitted) ("[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment"). In light of the above submissions and principles, the following facts are established for purposes of the Motion for Summary Judgment.

## II. Summary of Undisputed Facts

VitalCore is a limited liability company whose principal office address is Topeka, Kansas. (ECF No. 41-2.) VitalCore is authorized to do business in Virginia. (ECF No. 41-2.)

"VitalCore was previously contracted through the [VADOC] to provide health care services to individuals incarcerated at various correctional centers in the Commonwealth of Virginia including the Deerfield Correctional Center." (ECF No. 41-1 ¶ 3.) The contract period between VADOC and VitalCore was December 12, 2021 through October 24, 2023. (ECF No. 41-1 ¶ 5.)

4

Phoenix was incarcerated in Deerfield Correctional Center ("Deerfield") between August 3, 2019 (ECF No. 1 ¶ 6), and until about April 18, 2024 (ECF No. 21, at 1). During that period, Phoenix suffered from celiac disease, a torn bicep tendon, neck and back injuries, hearing issues, breathing issues, dental problems, and other ailments. (ECF No. 1 ¶ 8.) During the period of his confinement at Deerfield, Phoenix was seen scores of times for these medical issues. (ECF Nos. 1 ¶¶ 11–15.) Nevertheless, Phoenix believes he did not receive adequate or appropriate medical care. (ECF No. 1 ¶¶ 26–29.) When VitalCore began providing medical care for inmates at Deerfield, it "did not change medical personnel, but simply absorbed the medical staff already at the facility out of convenience because they were already cleared through security." (ECF No. ¶ 7.) Phoenix wrote to VitalCore and informed them that he was not receiving adequate and appropriate care. (ECF No. 47-1.)

On June 26, 2025, Phoenix was released from incarceration in the VADOC. (ECF No. 50, at 1.)

### III. Analysis

#### A. Phoenix's Claims for Injunctive Relief Are Moot

"As a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Here, Phoenix has been released from incarceration within the VADOC. Accordingly, his claims for injunctive relief will be DISMISSED as moot.

### B. The Breach of Contract Claim

The thrust of Phoenix's Complaint is a breach of contract claim against VitalCore. (ECF No. 1, at 12–13 (listing Phoenix's four "counts" of breach of contract against VitalCore).)[4] VitalCore concedes that Phoenix has standing to sue as a third-party beneficiary to the contract between VADOC and VitalCore. (ECF No. 41, at 10.) Nevertheless, VitalCore contends that Phoenix cannot demonstrate the elements for a breach of contract claim under Virginia law. (ECF No. 41, at 9); *see Baudean v. Pearson Educ., Inc.*, No. 3:14CV685, 2015 WL 3651199, at *5 (E.D. Va. June 11, 2015) ("A contract breach is a performance issue and thus, is regulated by the law of the place of performance." (quoting *Thomaz v. It's My Party, Inc.*, No. 1:13cv00009, 2013 WL 1450803, at *5 (E.D. Va. Apr. 9, 2013))).

"In Virginia, the elements for a breach of contract claim are: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F. Supp. 2d 572, 578 (E.D. Va. 2013) (citing *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006)), *aff'd*, 549 F. App'x 211 (4th Cir. 2014)). VitalCore contends that Phoenix fails to demonstrate the third element for his breach of contract claim because he cannot demonstrate any damages. (ECF No. 41, at 10–11.)

The Supreme Court of Virginia has emphasized that:

> "As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained." *Kamlar Corp. v. Haley*, 224 Va. 699, 705, 299 S.E.2d 514, 517 (1983) (quoting *Wright v. Everett*, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956)). Proof of damages is an essential element of a breach of contract claim, and failure to prove that element warrants dismissal of the claim. *Filak* [*v. George,*]

---

[4] Phoenix also invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331, (ECF No. 1 ¶ 3) and asserts that VitalCore has a policy or custom of providing inadequate medical care (ECF No. 1 ¶ 26). Given these submissions and Phoenix's *pro se* status, the Court reads the Complaint to raise a breach of contract claim and constitutional inadequate medical care claim.

> 267 Va. [612,] 619–20, 594 S.E.2d [594,] at 614–15 [(2004)]. The plaintiff also has the "burden of proving with reasonable certainty the amount of damages and the cause from which they resulted; speculation and conjecture cannot form the basis of the recovery." *Shepherd* [*v. Davis*], 265 Va. [108,] 125, 574 S.E.2d [514,] 524 [(2003)](citations omitted).

*Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 136 (Va. 2009). The Supreme Court of Virginia has further stated that, "'tort damages'—including non-pecuniary damages such as mental anguish, emotional distress, and humiliation—'are not recoverable for breach of contract.'" *Smith v. McLaughlin*, 769 S.E.2d 7, 20 (Va. 2015) (quoting *Isle of Wight Cnty. v. Nogiec*, 704 S.E.2d 83, 86 (Va. 2011)). Here, VitalCore persuasively argues that Phoenix fails to prove with any reasonably certainty the pecuniary loss resulting from VitalCore's alleged breach of the contract. *See Cornerstone Therapy Servs., Inc. v. Reliant Post Acute Care Sols., LLC*, No. 2:16CV00018, 2018 WL 1370863, at *5 (W.D. Va. Mar. 16, 2018) (granting summary judgment where plaintiff failed to prove "any reasonably certain pecuniary loss" from the alleged breach of contract).

Phoenix, however, may be entitled to an award of nominal damages in the event that he is not able to establish actual compensatory damages with reasonable certainty. *See Crist v. Metro. Mortg. Fund, Inc.*, 343 S.E.2d 308, 311 (Va. 1986) (affirming an award of nominal damages in breach of contract action). "Courts have recognized that nominal damages, in appropriate circumstances, can be sufficient to satisfy the damage element of a prima facie case for breach of contract under Virginia law." *Bates v. Strawbridge Studios, Inc.*, No. 7:11CV00216, 2012 WL 1635051, at *5 (W.D. Va. May 9, 2012) (citing *Minnesota Laws Mut. Ins. Co. v. Batzli*, 442 F. App'x 40, 51–53 (4th Cir. 2011); *W. Insulation, LP v. Moore*, 316 F. App'x 291, 297–299 (4th

7

Cir. 2009)).[5] VitalCore has not addressed the question of whether an award of nominal damages might satisfy the damages element for Phoenix's breach of contract claim. *Minnesota Laws. Mut. Ins. Co.*, 442 F. App'x at 52–53 ("*Crist* therefore contradicts [appellant's] contention that a breach of contract cannot be established absent proof of actual damages, as well as the contention that nominal damages are insufficient to satisfy the damage prong of the prima facie case."); *Bond Pharmacy, Inc. v. Anthem Health Plans of Virginia, Inc.*, No. 1:22-CV-1343, 2024 WL 712532, at *8 (E.D. Va. Feb. 20, 2024) ("However, Virginia law 'distinguishes between nominal and compensatory damages,' and it permits 'an award of nominal damages in cases where the plaintiff proves that a breach of contract occurred but does not prove compensatory damages . . . .'" (quoting *W. Insulation, LP v. Moore*, 316 F. App'x at 298)). VitalCore fails to demonstrate that Phoenix's breach of contract claim should be dismissed at this time.

### B. Unconstitutional Policy or Custom

A private corporation, such as VitalCore, cannot be held liable "for torts committed by [its employees] when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted).[6] Instead, "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.* (citations omitted). An unconstitutional official policy or custom

---

[5] "The term 'nominal damages' describes two types of awards: (1) those damages recoverable where a legal right is to be vindicated against an invasion that has produced no actual, present loss of any kind; and (2) the very different allowance made when actual loss or injury is shown, but the plaintiff fails to prove the amount of damages." *Minnesota Laws. Mut. Ins. Co*, 442 F. App'x at 51 (citation omitted) (some internal quotation marks omitted).

[6] Principles of § 1983 municipal liability apply equally to a private corporation that is deemed to acting under color of state law. *See Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003) (citation omitted)

can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v.* Doyle, 326 F.3d 463, 371 (4th Cir. 2003) (alteration in original) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).[7]

VitalCore contends that, "there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice." (ECF Nos. 41, at 12 (quoting *Smith v. Ray*, 409 F. App'x 641, 650 (4th Cir. 2011)). VitalCore acknowledges that, "Plaintiff's Complaint is replete with references to the alleged deficient healthcare on the part of numerous healthcare providers, and he seeks to hold VitalCore responsible [for] their deliberate indifference to his wide array of medical conditions." (ECF No. 41, at 12.) Nevertheless, VitalCore seems to suggest that Phoenix's claim fails because Phoenix cannot establish an unconstitutional policy or custom if all of the multiple instances of unconstitutional conduct *involve only him*. (ECF No.

---

[7] It is far from clear under what theory of custom or policy Phoenix is seeking to impose liability on VitalCore. In his Complaint, Phoenix asserts that VitalCore has a

> policy and custom of providing medical services is to save their company money, but not providing the proper medical services under the guise of providing timely, proper, adequate and cost effective medical services which has left [Phoenix] without medical care, treatment, and testing on several occasions and in doing so breach the very contract for which they agreed to provide medical services.

(ECF No. 1 ¶ 26.) In response to the Motion for Summary Judgment, Phoenix notes that

> § 1983 liability against a corporation may arise "if a practice is so persistent and wide spread and so permanent and well settled as to constitute a custom or usage with the force of law." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).
> This is unfortunately the case here.

(ECF No. 47, at 11 (quotation marks corrected).)

9

41, at 12.) VitalCore, however, fails to cite the Court to persuasive authority for this suggestion or adequately demonstrate why Phoenix's deliberate indifference claim should be dismissed. *See Ford v. Cnty. Comm'n of Marion Cnty.*, No. 1:19-CV-192, 2021 WL 1318664, at *9 (N.D. W. Va. Apr. 8, 2021) ("[T]his Court found in its Order Denying Defendants' Motion for Summary Judgment that a reasonable jury could conclude that two incidents involving the same person — Philip Rhoades — is enough to support a 'widespread and permanent' practice by a municipality.").

Additionally, "the Supreme Court has instructed that summary judgment motions should only be granted 'after adequate time for discovery.'" *Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Therefore, the United States Court of Appeals for the Fourth Circuit has stated, "that district courts should not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." *Id.* at 251 (quoting *Shaw v. Foreman*, 59 F.4th 121, 128–29 (4th Cir. 2023)). Here, Phoenix insists that he needs additional time for discovery. (ECF No. 47-2, at 3–4.)

Given the lack of discovery and the current state of the briefing, the Motion for Summary Judgment will be DENIED with respect to the request to dismiss Phoenix's breach of contract claim and his constitutionally inadequate medical care claim for monetary damages.[8]

---

[8] Further discovery or briefing could not alter the conclusion that Phoenix's claims for injunctive relief are moot.

10

### IV. Conclusion

The Motion for Summary Judgment (ECF No. 40) will be GRANTED IN PART and DENIED IN PART. Phoenix's claims for injunctive relief will be DISMISSED AS MOOT. VitalCore's Motion to Stay discovery (ECF No. 52) pending resolution of the Motion for Summary Judgment will be DENIED as moot.

All discovery must be concluded within seventy (70) days. Any party wishing to file a motion for summary judgment must do so within one hundred (100) days.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8/11/2025  
Richmond, Virginia

/s/ M. Hannah Lauck  
United States District Judge