`IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL W. PHOENIX,

          **Plaintiff,**

v.                                       **Civil Action No. 3:23cv357**

**VITAL CORE HEALTH STRATEGIES,**

          **Defendant.**

## MEMORANDUM OPINION

Plaintiff, Daniel W. Phoenix,[1] a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Phoenix has filed a host of actions in this Court.[2] *See Jamison v. Clark*, No. 3:22CV425, 2024 WL 251927, at *8 (E.D. Va. Jan. 23, 2024) (reciting cases), *aff'd sub nom. Jamison v. Dotson*, No. 24-6132, 2024 WL 3220310 (4th Cir. June 28, 2024). VitalCore has sought a stay of this action pending the resolution of Phoenix's other actions.

## I. Procedural History

VitalCore is a Kansas Corporation that contracted with the Virginia Department of Corrections ("VADOC") to provide medical services for inmates at Phoenix's former place of incarceration on January 1, 2022. (ECF No. 1 ¶ 7.) Phoenix claims he is a "third-party beneficiary to the signed contract between VitalCore and the VADOC as [Phoenix] requires the medical services that VitalCore is contractually obligated to provide for his serious medical conditions . . . ." (ECF No. 1 ¶ 4.)

---

[1] During the course of this action, Plaintiff changed his last name from Jamison to Phoenix. For purposes of this Memorandum Opinion, the Court will refer to Plaintiff as Phoenix.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spacing, capitalization, punctuation, and spelling in the quotations from the parties' submissions.

By Memorandum Opinion and Order entered on August 11, 2025, the Court: granted in part and denied in part VitalCore's Motion for Summary Judgment; dismissed Phoenix's claims for injunctive relief as moot; ordered that all discovery be concluded within seventy (70) days of the date of entry thereof; and, directed that any party wishing to file a motion for summary judgment must file the same within 100 days of the date of entry thereof. (ECF Nos. 54, 55.)

Since that date, Vital Core has filed: a Motion to Stay Proceedings (ECF No. 56); a Motion to Continue Dispositive Motions Deadline (ECF No. 62); Motion to Strike Plaintiff's Unauthorized Sur-Reply (ECF No. 63); and, a Motion for Leave to File a Consolidated Response (ECF No. 71).[3] Phoenix, in turn has filed: a Motion for Production of Documents (ECF No. 58); Motion to Stay (ECF No. 66); Motion for Appointment of Counsel (ECF No. 68); and, Motion for Discovery and Issuance of Subpoenas for Discovery (ECF No. 70).

At the outset, is appropriate to summarily dispose of Phoenix's Motion to Stay (ECF No. 66); Motion for Appointment of Counsel (ECF No. 68); and, Motion for Discovery and Issuance of Subpoenas for Discovery (ECF No. 70), which fail to comply with the directives of the Court. The Court previously informed Phoenix that

> Each submission must bear the appropriate civil action number for the case to which it pertains. If Plaintiff has more than one action pending and Plaintiff fails to identify a case number on any submission, the Court will only docket that submission in the earliest filed case. Plaintiff may also not submit one single response to comport with the directives of the Court in more than one individual case. Instead, Plaintiff must submit a separate response for each individual action. If Plaintiff attempts to submit one response listing a group of case numbers, the Court will only docket that submission in the first-listed civil action on that submission. The Court will not consider the submission as a response in any other civil action.

---

[3] VitalCore's Motion to File a Consolidated Response to Phoenix's Motion to Stay, Motion for Appointment of Counsel, and, Motion for Discovery and Issuance of Subpoenas for Discovery (ECF No. 71) will be GRANTED.

(ECF No. 3 ¶ 8.)  Phoenix's Motion to Stay (ECF No. 66); Motion for Appointment of Counsel

(ECF No. 68); and, Motion for Discovery and Issuance of Subpoenas for Discovery (ECF

No. 70) fail to comply with the above directive.   The Court previously noted, in a related case,

> Phoenix has submitted a Motion to Stay, Motion for Discovery and Issuance of Subpoenas, and two duplicate Motions for Appointment of Counsel that bear the civil action number for the present action and also cases 3:23cv276, 3:23cv316, 3:23cv357, 3:23cv615. (ECF No. 69, at 1; ECF No. 71, at 1; ECF No. 73, at 1; ECF No. 74, at 1.) He has submitted a copy of these motions for each of his cases. Once again, Phoenix has chosen to ignore the Court's orders and proceed in his preferred manner. The motions contain information that is inaccurate and irrelevant to this present action. Phoenix's disregard of the Court's directives regarding filing individualized motions for each separate civil action provides sufficient grounds for denying each of the motions. Accordingly, the motions (ECF Nos. 69, 71, 73, 74) will be DENIED on that basis alone.

*Phoenix v. Herrick*, No. 3:23CV335, 2026 WL 781327, at *4 (E.D. Va. Mar. 19, 2026) (footnote

omitted).  The Court declines to provide further discussion of these redundant, duplicative

motions in this case.  Accordingly, the Phoenix's Motion to Stay (ECF No. 66); Motion for

Appointment of Counsel (ECF No. 68); and, Motion for Discovery and Issuance of Subpoenas

for Discovery (ECF No. 70) will be DENIED.

## II.  Resolution of the Outstanding Motions

### A.  VitalCore's Motion to Stay

In its Memorandum in Support of Motion to Stay Proceedings, filed on October 17, 2025,

VitalCore notes that

> is a corporate entity that can act only through its officers, employees, or agents.  As Plaintiff's breach of contract claim is premised on the theory that VitalCore is vicariously liable for the deliberate indifference of its former employees, then a stay is warranted because a determination of this action necessarily implies a particular outcome for the various other cases Plaintiff filed against those individuals. Plaintiff would not be prejudiced by a stay because the aforementioned . . . results in the other cases could affect the result in this case. Additionally, because Plaintiff may be entitled to only nominal damages in this action, his quantum of damages will not be substantially affected by a stay but could be legally confusing if the case proceeded.

3

(ECF No. 57, at 3.) VitalCore further states, "Plaintiff is, at present, in addition to this case, litigating six known cases actively involving VitalCore's former employees, all healthcare providers, which can be succinctly summarized as claims for deliberate indifference toward his medical needs. All but one are pending before this Honorable Court.[4]" (ECF No. 57, at 4–5 (footnote number altered).)

On May 14, 2026, this Court resolved the last of Phoenix's related cases that was pending in this Court. *See Phoenix v. Clarke*, No. 3:23cv316, 2026 WL 1348857, at *1 (E.D. Va. May 14, 2026). Accordingly, the Motion to Stay (ECF No. 56) will be DENIED WITHOUT PREJUDICE. However, the Court will ORDER the parties in this case to participate in a settlement conference. The settlement conference and proceedings will be REFERRED to the Honorable Mark R. Colombell, United States Magistrate Judge. Phoenix and counsel for Defendant shall await further instructions on scheduling the conference from Judge Colombell. Phoenix and counsel for Defendant shall abide by whatever further instructions or requirements Judge Colombell may impose.

VitalCore also moved to continue the dispositive motion deadline until thirty (30) days after the Court resolved its Motion to Stay. The Motion to Continue the Dispositive Motion Deadline (ECF No. 62) will be GRANTED to the extent that, within twenty (20) days after the conclusion of the settlement conference, VitalCore shall either renew its Motion to Stay or file a Motion for Summary Judgment.[5]

---

[4] According to Vital Core, the other case "is pending in the Southampton County Circuit Court, CL22-636." (ECF No. 57, at 5 n.3.)

[5] VitalCore is free to renew the Motion to Stay within twenty (20) days after the conclusion of the settlement conference, but it must provide a fulsome discussion of the procedural status of any case pending in state court and why a stay is warranted. VitalCore's Motion to Strike Plaintiff's Sur-Reply to its Motion to Stay (ECF No. 63) will be DENIED.

4

On October 21, 2025, Phoenix filed a Motion for Production of Documents. (ECF No. 58.) This Court previously has admonished Phoenix that:

> No motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). . . . Plaintiff must also certify that a good faith effort has been made to resolve the discovery matter at issue by conferring with counsel for the defendants regarding the resolution of such matters. Fed. R. Civ. P. 37(a)(1).

(ECF No. 51, at 1.) Phoenix fails indicate that he has conferred with counsel or certified that he has made a good faith effort to resolve the discovery dispute with counsel.

Further, in his Motion for Production of Documents, Phoenix requests that the Court issue a subpoena duces tecum to the Virginia Department of Corrections to produce his complete medical record and a complete copy of his electronic records contained in VACORIS.[6] (ECF No. 58, at 8–9.) Additionally, Phoenix requests that the Court issue a subpoena duces tecum to the Virginia Medical Center for all of his specialist records. (ECF No. 58, at 9.)

"All civil discovery, whether sought from parties or non-parties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be 'relevant to any party's claim or defense.' Fed. R. Civ. P. 26(b)(1). . . . [Second,] discovery must also be 'proportional to the needs of the case.'" *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188–89 (4th Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)). "A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* at 189 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)). The Fourth Circuit explained:

> On the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. *See Wiwa v. Royal Dutch*

---

[6] "VACORIS is 'the VDOC's inmate information management system." *Phoenix v. Clarke*, No. 3:23CV615, 2026 WL 802854, at *5 n.11 (E.D. Va. Mar. 23, 2026) (quoting *Thomas v. Dotson*, No. 7:25-CV-00109, 2025 WL 3215169, at *2 (W.D. Va. Nov. 18, 2025)).

*Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The information sought must likely (not just theoretically) have marginal benefit in litigating important issues. (We mean "marginal" in the economic sense that the information must offer some value over and above what the requesting party already has, not in the sense that a mere *de minimis* benefit will suffice.) Courts should also consider what information is available to the requesting party from other sources. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2463.1, at 501–06 (3d ed. 2008). To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena.

*Id.* Phoenix's Request for Production of Documents fails to contain any adequate briefing explaining why the requested records are necessary under the above standard. Further, Phoenix previously has received hundreds of pages of his records from the VDOC. *See, e.g., Phoenix v. Clarke*, No. 3:23CV316, 2026 WL 1348857, at *4 (E.D. Va. May 14, 2026) ("Phoenix attached to his Response 585 pages of medical records, grievance material, correspondence, and other information."); *Phoenix v. Clarke*, No. 3:23CV276, 2026 WL 561197, at *5 (E.D. Va. Feb. 27, 2026) (noting that defendants had provided Phoenix with "thousands of pages of medical records and grievances"). Given these circumstances, Phoenix's Motion for Production of Documents (ECF No. 58) will be DENIED WITHOUT PREJUDICE. Any further motion concerning discovery will be REFERRED to the Honorable Summer L. Speight, United States Magistrate Judge for resolution. Discovery is not stayed pending the settlement conference.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/4/26                                        /s/ _____
Richmond, Virginia                          M. Hannah Lauck
                                                          United States District Judge

6